IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| DESIGN BASICS, LLC, | § § § | |
| Plaintiff, | § § | Case No.: 3:16-cv-00135 |
| vs. | § § § | JURY DEMANDED |
| REGAL HOMES OF SOUTHERN INDIANA, L.L.C., and THE HOME PLAN CO., LLC, | § § § § § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT

Plaintiff, Design Basics, LLC, files this Complaint against Regal Homes of Southern Indiana, L.L.C. ("Regal Homes") and The Home Plan Co., LLC ("Home Plan") (collectively, "Defendants"), and for its causes of action alleges the following:

### Parties

1. Design Basics, LLC, is a Nebraska Limited Liability Company with its principal place of business in Omaha, Nebraska. Under Articles of Merger executed on July 1, 2009, Design Basics, LLC, is the successor by merger to Design Basics, Inc., and as such is the owner of all assets (including copyrights, trade and service names, trade and service marks, and all causes of action) that Design Basics, Inc., owned as of that date. Design Basics, LLC, and its predecessor (Design Basics, Inc.) will hereinafter be referred to as "Design Basics."

2. Design Basics is engaged in the business of creating, marketing, publishing and licensing the use of "architectural works" (as that term is defined in the Copyright Act and the

Architectural Works Copyright Protection Act of 1990, both codified at 17 U.S.C.§ 101 et seq.) and technical drawings depicting such architectural works.

3. Defendant Regal Homes is a limited liability company organized under the laws of the State of Indiana with its principal place of business in Warrick County, Indiana. Regal Homes may be served through its registered agent, Les Shively, 414 Citadel Circle, Evansville, Indiana 47715. Regal Homes' principal corporate activity is designing and/or building homes.

4. Defendant Home Plan is a limited liability company organized under the laws of the State of Indiana with its principal place of business in Vanderburgh County, Indiana. Home Plan may be served through its registered agent, Mark McCreight, 5833 Riceland Drive, Newburgh, Indiana 47630. Home Plan's principal corporate activity is the operation of a home design studio.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction of this case under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under federal copyright law, 17 U.S.C. § 101 *et seq*.

6. Venue is proper in this District under 28 U.S.C. § 1400(a) because Defendants may be found in this District. Furthermore, or in the alternative, venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims at issue occurred in this District; and Defendants reside and do business in this District.

**Factual Background**

7. Design Basics is a building design firms which creates, markets, and licenses the use of "architectural works" (as that term is defined in the Copyright Act and the Architectural Works Copyright Protection Act of 1990 (the "AWCPA")) and technical drawings depicting architectural works. Design Basics owns copyrights protecting the architectural works and technical drawings it has created.

8. Design Basics is the author and the owner of copyrights in hundreds of works which have been registered with the United States Copyright Office, including Plan No. 2956 – Briarwood (the "Copyrighted Work").

9. Design Basics registered its copyright in the work entitled "Briarwood" with the United States Copyright Office on January 13, 1994, and March 21, 1995, and was provided Registration Numbers VA 624-144, VA 726-369 and VA 624-143 therefore.

10. The Copyrighted Work has been published in various Design Basics plan books and publications. The Copyrighted Work has also been published by Design Basics on the internet at www.designbasics.com.

11. The Copyrighted Work constitutes original material that is copyrightable under federal law.

12. Design Basics is currently, and at all relevant times has been, the sole owner of all right, title and interest in and to the work described in paragraphs 8 and 9 above.

13. On July 13, 2013, Design Basics first became aware that Defendants had violated its copyrights in one or more distinct ways, when Design Basics discovered that Home Plan had redrawn Design Basics home plan number 2956 - Briarwood for Regal Homes, which Regal Homes website referred to as its "HPC-12-007" plan or "Brandon & Kyla Wells" plan.

14. Defendants have infringed the Copyrighted Work and other Design Basics' copyrighted works on one or more occasions by, *inter alia*, creating one or more derivative works from said plans for one or more of its customers.

15. The illicit acts of Defendants, described in paragraphs 13-14 were done without permission or license from Design Basics, in violation of Design Basics' exclusive copyrights in the work.

16. Defendants have regularly and systematically infringed Design Basics' copyrights in original architectural works, and have induced others, including individual homeowners, contractors and other entities and individuals engaged in the business of home building to infringe Design Basics' copyrights in its original architectural works, to the profit of Defendants, contractors and other home builders, and to Design Basics' detriment.

17. Upon information and belief, Defendants have infringed the copyrights in other original architectural works of Design Basics, the scope and breadth of which infringing activities will be ascertained during the course of discovery.

18. Design Basics' home designs, including the Copyrighted Work, have been marketed for years on a nationwide basis, including in this District, by means of plan books and other publications and also by means of the internet, including many websites.

19. Defendants have been actually aware of Design Basics and the works that Design Basics markets. At all times material to this case, Defendants have had a reasonable opportunity to have viewed the Copyrighted Work.

20. Upon information and belief, Defendants have violated and continues to violate Design Basics' exclusive rights in the Copyrighted Work (including the right to reproduce, the right to prepare derivative works and the right to sell), by copying, publishing, distributing,

advertising, marketing, selling and/or constructing in the marketplace, plans, drawings and houses which were copied or otherwise derived from the Copyrighted Work.

## **Cause of Action for Non-Willful Copyright Infringement**
### Count 1

21. Design Basics re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 20 above.

22. Defendants, without knowledge or intent, infringed Design Basics' copyrights in one or more of its works identified and described above, by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief, have done so with others of Design Basics' works which are as yet undiscovered.

### Count 2

23. Design Basics re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 20 above.

24. Defendants, without knowledge or intent, infringed Design Basics' copyrights in one or more of its works identified and described above, by publicly displaying, on Defendants' web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies and/or or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of Design Basics' works which are as yet undiscovered.

### Count 3

25. Design Basics re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 20 above.

26. Defendants, without knowledge or intent, infringed Design Basics' copyrights in one or more of its works identified and described above, by creating derivatives therefrom, in

violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of Design Basics' works which are as yet undiscovered.

### Count 4

27.     Design Basics re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 20 above.

28.     Defendants, without knowledge or intent, infringed Design Basics' copyrights in one or more of its works identified and described above, by inducing others to build one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(1), and on information and belief, have done so with others of Design Basics' works which are as yet undiscovered.

### Alternative Causes of Action for Willful Copyright Infringement
### Count 5

29.     Design Basics re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 20 above.

30.     Alternatively, Defendants willfully infringed Design Basics' copyrights in one or more of its works identified and described above, by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief, have done so with others of Design Basics' works which are as yet undiscovered.

### Count 6

31.     Design Basics re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 20 above.

32.     Alternatively, Defendants willfully infringed Design Basics' copyrights in one or more of its works identified and described above, by publicly displaying, on Defendants' web

site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of Design Basics' works which are as yet undiscovered.

### Count 7

33. Design Basics re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 20 above.

34. Alternatively, Defendants willfully infringed Design Basics' copyrights in one or more of its works identified and described above, by creating derivatives there from in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of Design Basics' works which are as yet undiscovered.

### Count 8

35. Design Basics re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 20 above.

36. Alternatively, Defendants willfully infringed Design Basics' copyrights in one or more of its works identified and described above, by inducing others to build one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(1), and on information and belief, have done so with others of Design Basics' works which are as yet undiscovered.

### **Jury Demand**

37. Pursuant to Federal Rule of Civil Procedure 38, Design Basics respectfully demands a trial by jury of all issues so triable.

WHEREFORE, Design Basics, LLC, demands that judgment be entered in its favor and against Defendants as follows:

a. For an accounting by Defendants of Defendants' activities in connection with Defendants' infringements of Design Basics' copyrights in and to the above-described works, as well as of the gross profits and revenue attributable to Defendants' infringement(s);

b. For Design Basics' actual damages, in an amount to be determined at trial;

c. For Defendants' direct and indirect profits attributable to its infringements, including but not limited to those direct and indirect profits derived from the construction, advertising, promotion, marketing, and sale of infringing structures, in an amount to be determined at trial;

d. In the alternative and at Design Basics' option, post-verdict, Design Basics' seeks an award of statutory damages in lieu of actual damages for the infringement of any one or more of its works, described above, in an amount to be determined at trial;

e. Design Basics' actual attorney fees, court costs, taxable costs, and the cost associated with the retention, preparation and testimony of expert witnesses;

f. For both temporary and permanent injunctions barring Defendants', their agents, employees and/or servants, from infringing Design Basics' copyrights in any manner whatsoever, including the advertising, marketing, construction, and sale of infringing structures, and further barring Defendants from publishing through any visual media, and from selling, marketing or otherwise distributing copies of Design Basics' plans and/or derivatives thereof;

    g. An order requiring Defendants to produce, for impounding during the pendency of this action and for destruction thereafter, all house plans and elevations which infringe Design Basics' copyrights, including all photographs, blueprints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all machines and devices by which such infringing copies may be reproduced, viewed or disseminated, which are in the possession of, or under the direct or indirect control of Defendants; and

    h. For such other relief as the Court determines to be just and equitable.

Respectfully submitted,

/s/ Sean J. Quinn
John D. LaDue (19039-71)
Sean J. Quinn (29441-71)
LaDue | Curran | Kuehn
200 First Bank Building
205 West Jefferson Boulevard
South Bend, Indiana 46601
Telephone: (574) 968-0760
Facsimile: (574) 968-0761
jladue@lck-law.com
squinn@lck-law.com

Attorneys for Plaintiff
Design Basics, LLC